UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMI TRUSCHKE-HARPSTER,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY JAIL,<br><br>Defendant. | Case No. 1:24-cv-00547-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Docs. 6, 7, 11)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff Tammi Truschke-Harpster is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. On May 9, 2024, Plaintiff initiated this action with the filing a complaint. (Doc. 1). At the same time, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. 2).

**I.      Background**

On March 13, 2025, the undersigned issued the first screening order, finding that Plaintiff failed to state any cognizable claims and granting leave to amend. (Doc. 6). Plaintiff was directed to respond within 30 days and advised therein that "[i]f Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure

to obey a court order and for failure to prosecute." (*Id.* at 15; emphasis omitted).  The screening order was served on Plaintiff.  (*See* docket entry "service by mail," dated March 13, 2025).  The mail was returned as undeliverable.  (*See* docket entry "mail returned," dated March 27, 2025).  On April 23, 2025, the Court issued an order admonishing Plaintiff regarding her continuing duty to notify the Court of any change of address and, as a one-time courtesy, directed the Clerk of the Court to update Plaintiff's address based information available through the California Department of Corrections and Rehabilitation's inmate locater reflecting Plaintiff had moved.  (*See* Doc. 7).

Additionally, the Court provided Plaintiff 30 days from issuance of said order to respond to the first screening order.  Plaintiff was again advised that "[a]ny failure by Plaintiff to comply with this Order will result in a recommendation that this case be dismissed for failure to comply with the Local Rules and Court's orders." (*Id.* at 2; emphasis omitted).  Plaintiff's address was updated and the order served thereupon that same day. (Doc. 8; *see* docket entry "service by mail," dated April 23, 2025).  The first screening order was re-served on Plaintiff at the updated address on May 29, 2025.  (*See* docket entry "re-service by mail," dated May 29, 2025).

That same day, Plaintiff filed two documents, one titled "response to screening order" and the other a motion for extension of time within which to respond.  (Docs. 9, 10).  Therein, she represented that she had not received the screening order (Doc. 6) and the accompanying attachments. (Doc. 10 at 1).  On June 5, 2025, the Court granted Plaintiff's request for an extension of time to file a first amended complaint and directed the Clerk of the Court to serve on Plaintiff a copy of the first screening order with attachments (Doc. 6, 6-1, 6-2). (Doc. 11 at 2).  The Court admonished Plaintiff as follows: "**The Court reiterates (*see* Doc. 7) that if Plaintiff fails to comply with this order and timely file a response, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 11 at 2; emphasis in original).

The first screening order with attachments was served on Plaintiff that same day. (*See* docket entry "service by mail," dated June 5, 2025).  Plaintiff failed to file a response and the deadline to do so has passed.

2

**II.     Governing Law and Analysis**

A pro se plaintiff must comply with orders of the court. Local Rule ("L.R.") 183. Failure to comply with a court order may be grounds for imposition of sanctions, including dismissal or any other sanction appropriate under the Local Rules. L.R. 110, 183. The district court's inherent power to control its docket also allows the court to impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see* L.R. 110.

In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to advance and prosecute this case by responding to the first screening order, thereby delaying resolution of this litigation. Accordingly, this factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id*. Here, Plaintiff's failure to respond to the first screening order is delaying this case and interfering with docket management. Therefore, the second factor also weighs in favor of dismissal.

With respect to the third factor, the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to comply with the Court's

1  orders and to prosecute this case is causing a delay.  The third factor also weighs in favor of
2  dismissal.

3  As for the availability of lesser sanctions, at this stage in the proceedings there is little
4  available to the Court which would constitute a satisfactory lesser sanction while protecting the
5  Court from further, unnecessary expenditure of its scarce resources.  Given Plaintiff's
6  incarceration, monetary sanctions would be of little efficacy.  Moreover, at the early stage of
7  these proceedings, the preclusion of evidence or witnesses is not appropriate.  The Ninth Circuit
8  has explained that "[a] district court need not exhaust every sanction short of dismissal before
9  finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v.*
10 *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  "A district court's warning to a party that his
11 failure to obey the court's order will result in dismissal can satisfy the 'consideration of
12 alternatives' requirement."  *Ferdik,* 963 F.2d at 1262.  Here, Plaintiff has been warned no less
13 than three times that failure to obey this Court's orders will result in a recommendation that this
14 action be dismissed.  (*See* Docs. 6, 7, 11).  Additionally, because the dismissal being considered
15 in this case is without prejudice, the Court is stopping short of imposing the harshest possible
16 sanction of dismissal with prejudice.

17 The fifth factor, the public policy favoring the disposition of cases on their merits,
18 ordinarily weighs against dismissal.  *See In re Phenylpropanolamine Prods. Liab. Litig*., 460
19 F.3d 1217, 1228 (9th Cir. 2006).  However, because Plaintiff has disregarded the Court's orders,
20 this factor does not, therefore, weigh completely against dismissal.

21 After weighing these factors, the undersigned finds that dismissal without prejudice is
22 appropriate.

23 **III.    Conclusion and Recommendation**

24 The Clerk of the Court is directed to randomly assign a District Judge.

25 For the foregoing reasons, it is hereby RECOMMENDED:

26 1.    This action be dismissed without prejudice for Plaintiff's failure to comply with
27 the Court's orders and failure to prosecute this action; and

28 2.    The Clerk of the Court be directed to close this case.

4

     These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 14, 2025**                   _____
                                                                           UNITED STATES MAGISTRATE JUDGE